# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

| | |
|---|---|
| United States of America<br>v.<br>Antoine Lamar Davis<br><br>*Defendant(s)* | )<br>)<br>)   Case No.   2:25-mj-0060 CKD<br>)<br>)<br>)<br>) |

**FILED**
Apr 04, 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 18, 2025__ in the county of __Sacramento__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| 18 U.S.C. § 3146(a)(1) | Failure to Appear |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT OF DEA Special Agent Thomas Wiebold

☑ Continued on the attached sheet.

/s/
*Complainant's signature*

Thomas Wiebold, DEA Special Agent
*Printed name and title*

Sworn to and signed before me telephonically.

Date: 04/04/2025

*Judge's signature*

City and state: Sacramento, California     United States Magistrate Judge Carolyn K. Delaney
*Printed name and title*

## AFFIDAVIT OF DEA SPECIAL AGENT THOMAS WIEBOLD

I, Special Agent Thomas Wiebold, being duly sworn, hereby depose and state:

## CRIMINAL COMPLAINT FOR ARREST WARRANT

1. This Affidavit is submitted in support of an arrest warrant and criminal complaint charging **ANTOINE LAMAR DAVIS** with:

   COUNT ONE:   Felon in possession of a firearm, in violation of 21 U.S.C. § 922(g)(1).

   COUNT TWO:   Failure to Appear, in violation of 18 U.S.C. § 3146(a)(1).

## BACKGROUND AND EXPERTISE

2. I am a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"), and have been since April 2022. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), in that I am an officer of the United States empowered by law to conduct criminal investigations and make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. I am a graduate of the seventeen-week DEA Basic Agent Training Academy in Quantico, Virginia. This training included instruction in the investigation of illicit drug trafficking, including, but not limited to, investigating criminal violations of 21 U.S.C. §§ 841 and 846. I have received comprehensive, formalized instruction in drug identification, detection, and interdiction, financial investigations and money laundering, informant handling, law classes, report writing, seizure and forfeiture of drug-related assets, undercover operations, and electronic and physical surveillance procedures. In furtherance of my training as a Special Agent, I have also received specialized instruction in cyber/dark net investigations, financial investigations, illicit hazardous environments/drug manufacturing laboratories, high-risk warrant service, Title III wire intercepts, license plate recognition technology, informant management, drug cartel culture, narcoterrorism, cryptocurrency, and cell phone digital evidence. My post-

1

academy education in drug investigations totals over 290 hours of specialized training.

4. The facts and information set forth herein are based upon my personal knowledge and observations, observations of other law enforcement personnel, my review of investigative reports, and discussions with other federal, state, and local law enforcement officials.  Where I describe statements made by other people (including other agents and law enforcement officers), the statements are described in sum, substance, and relevant part.  Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## STATEMENT OF PROBABLE CAUSE

*Davis charged with drug trafficking offenses and released on bail during the pendency of the case.*

5. On March 20, 2024, Antoine Lamar Davis was charged by criminal complaint.  2:24-MJ-00035-DB; ECF 1.  On March 21, 2024, Davis made his initial appearance in the Eastern District of California and a detention hearing was scheduled.  On March 25, 2024, Davis was ordered released on pretrial supervision.  ECF 8.  During the detention hearing, Davis was advised that failure to appear for court appearance was a separate crime.  ECF 8.  Also at the detention hearing, Davis signed a "Notice to Defendant Being Released" which advised Davis of the potential consequences of failing to appear and included a promise "to appear as directed."  ECF 11.

6. On April 4, 2024, Antoine Lamar Davis was charged by Indictment with conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1); four counts of distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1); and two counts of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  2:24-CR-00077-DC.

7. On January 31, 2025, Davis failed to appear at a scheduled status conference. ECF 39. A bench warrant was issued for his arrest.

*Davis found in possession of a gun while on the run from pending federal charges.*

8. On March 18, 2025, Davis was the front seat passenger in a Chevrolet truck that was stopped by the Sacramento Police Department for a California Vehicle Code violation. During the traffic stop, Davis was removed from the truck and patted down. During the pat down search, officers found a firearm concealed in Davis's pant leg.

9. After removing the firearm from Davis's pants, officers determined that the firearm was a loaded Glock 19 pistol with a 30-round magazine.

*Davis has previously been convicted of felony offenses.*

10. On August 6, 2018, Davis was convicted of felony carrying a concealed firearm, in violation of California Penal Code § 25400(a)(1).

11. On March 11, 2019, Davis was convicted of felony obstruction of a peace officer, in violation of California Penal Code § 148(a)(1).

12. On March 11, 2019, Davis was convicted of felon in possession of a firearm, in violation of California Penal Code § 29800.

13. On December 6, 2019, Davis was convicted of felon in possession of a firearm, in violation of California Penal Code § 29800.

*Preliminary Interstate Nexus Determination.*

14. On April 4, 2025, I conversed with ATF Special Agent Payton Smith, an interstate nexus expert, who preliminarily told me that the Glock pistol possessed by Davis was not manufactured in the State of California and therefore had previously traveled in interstate or foreign commerce prior to Davis's possession of the gun.

## CONCLUSION

15. Based on the above information, I believe that there is probable cause to believe that Davis unlawfully possessed a firearm, in violation of 18 U.S.C. § 922(g)(1) and Davis failed to appear for a scheduled court appearance, in violation of 18 U.S.C. § 3146. I hereby request that this court issue an arrest warrant for Davis.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

/s/
THOMAS WIEBOLD
DEA Special Agent

Sworn and Subscribed to me telephonically,
on April 4, 2025,

Hon. CAROLYN K. DELANEY
United States Magistrate Judge

Approved as to form:

JUSTIN LEE
Assistant United States Attorney

4

# **PENALTY SLIP**

## **United States v. Antoine Lamar Davis**

**COUNT ONE:**  18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm

Fine of up to $250,000, and/or
Imprisonment of up to 15 years, or both
Term of Supervised Release of up to 3 years
Mandatory $100 Special Assessment

**COUNT TWO:**  18 U.S.C. § 3146(a)(1) – Failure to Appear

Fine of up to $250,000, and/or
Imprisonment of up to 10 years, or both
Term of Supervised Release of up to 3 years
Mandatory $100 Special Assessment